# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

SCOTT A. SEARS,

        Petitioner,

vs.

CIVIL ACTION NO.: CV207-071

HARLEY LAPPIN, Director,
Bureau of Prisons,

        Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Scott A. Sears ("Sears"), an inmate currently incarcerated at the Federal Correctional Institute in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Government[1] filed a Return on the Court's Order to Show Cause, and Sears has filed a Response. For the following reasons, Sears' petition should be **DISMISSED**.

## STATEMENT OF THE CASE

Sears was sentenced in the Northern District of West Virginia to 168 months' imprisonment after being convicted of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(A)(1) and money laundering conspiracy in

---

[1] The Government correctly notes that Sears has improperly named the Director of the Federal Bureau of Prisons as the respondent. The Warden at FCI Jesup is the only proper respondent in a § 2241 petition. See Rumsfeld v. Padilla, 542 U.S. 426, 434-35, 124 S. Ct. 2711, 2717-18 (2004) ("the proper respondent is the warden of the facility where the prisoner is being held"). This Court will nonetheless address the dispositive issue raised by the Government's Return. Additionally, the Clerk shall change the spelling of the named Respondent in the style of this case to "Lappin."

AO 72A
(Rev. 8/82)

violation of 18 U.S.C. § 1956(H). (Gov. Exh. 1, p. 2). According to Sears, he received a two-point sentence enhancement for his possession of a firearm during the offense. (Doc. No. 1, p. 2). In this § 2241 petition, Sears contends that he is eligible to participate in a Residential Drug Abuse Treatment Program ("RDAP") and be considered for a sentence reduction upon completion of that program. Sears asserts that the BOP erred in denying him a sentence reduction based on his sentence enhancement for possession of a firearm during the commission of a drug offense.

## DISCUSSION AND CITATION TO AUTHORITY

18 U.S.C. § 3621(b) requires that the Bureau of Prisons "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." This treatment program carries with it an early release component, wherein the Bureau of Prisons has discretion to reduce the sentence of an inmate by up to twelve months if the inmate was convicted of a nonviolent offense and completes an RDAP during his current confinement. 18 U.S.C. § 3621(e)(2)(B). Regulations implementing this provision subsequently excluded from the early release incentive inmates who committed a felony involving the possession of a firearm. The applicable regulation provides that "the following categories of inmates are not eligible [for early release]: . . . inmates whose current offense is a felony . . . that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives . . . . " 28 C.F.R. § 550.58(a)(vi)(B). The BOP's Program Statement implementing this regulation lists the offenses that preclude an inmate's receiving the early release incentive, including possession of a firearm during the commission of the felony offense. PS 5162.04 §7.

According to prison records, Sears was committed to BOP custody on June 27, 2000, and is projected to be released on July 2, 2012. (Gov. Exh. 1). On July 20, 2006 Sears applied to participate in the RDAP. (Gov. Exh. 7). On October 6, 2006, the Drug Abuse Program Coordinator issued a Memorandum, wherein he advised that Sears would be scheduled for an RDAP eligibility interview, but that he was ineligible for § 3621 early release due to his sentence enhancement. (Gov. Exh. 5). On October 23, 2006, Sears filed a Request for Administrative Remedy, wherein he sought approval for both the RDAP program and the sentence reduction. (Doc. No. 1-3, p. 1). The Warden responded to Sears's request and stated that "[i]f the court assigned a two-point level enhancement due to a firearm in your case, then you will not be entitled to early release consideration under 18 U.S.C. § 3621(e) as defined by BOP policy." (Doc. No. 1-3, p. 2). Warden Vazquez advised that the BOP would act according to current national policies until those policies are changed. (Id.). In November, Plaintiff filed a regional appeal concerning his eligibility for early release, and was advised that he was considered ineligible because of his sentence enhancement. (Doc. No. 1-3, pp. 7-8). On December 13, 2006, Sears filed an appeal with the Central Office, wherein he again asked that his early release eligibility be reconsidered. (Doc. No. 1-3, pp. 4-5). In February, the Central Office issued a response informing Sears that "[t]here is no entitlement to an early release but it is at the Director's discretion. Therefore, we find the decision that you are precluded from receiving a sentence reduction to be consistent with the . . . statute, regulation, and program statements." (Doc. No. 1-3, p. 6). The Government alleges that based on this record, Sears' claim as to his eligibility for early release is premature and must therefore be dismissed.

In order to be eligible for participation in the RDAP, an inmate must, among other things, have a verifiable documented drug abuse problem and ordinarily must be within thirty-six months of release. PS 5330.10 § 5.4.1. When an inmate applies to participate in the RDAP, the coordinator determines both eligibility to participate in the RDAP itself and the "provisional early release eligibility," and notifies the inmate of the same. PS 5330.10 § 6.2.3.

Based on the assertions of both parties, it appears that Sears has not yet been formally accepted into the RDAP, nor has he even been interviewed to determine his eligibility. With some fifty-seven months left on his sentence, Sears is clearly not within the thirty-six months of release provided by the regulation. In this petition, Sears challenges the BOP's response as to his provisional early release eligibility. Sears admittedly does not challenge any RDAP eligibility determination. He states that he "already knows he is eligible," for the program, but essentially seeks a predetermination that he is eligible for early release upon completion of a program into which he has not even been accepted.

The BOP has indeed provisionally determined that Sears is ineligible for early release under the current rules. However, there has been no final decision on this point as yet. There has apparently not even been a final decision on Sears' RDAP application. There is simply no guarantee that Sears will be accepted into the program or that he will actually complete the program. There is similarly no guarantee that if he does complete the program, the BOP's final decision as to his early release eligibility will be the same as its provisional determination, or that the regulations and policy governing early release will even be the same at that time.

Ripeness questions are governed by the Supreme Court's two-part Abbott Labs test, whereby the court considers the fitness of the issues for judicial determination, as well as the hardship to the parties in withholding determination. Abbott Laboratories v. Gardner, 387 U.S. 136, 148-149, 87 S. Ct. 1507, 1515-1516, 18 L. Ed. 2d 681 (1967). The fitness inquiry weighs heavily against adjudication of Sears' petition. Given the timeframe, it is clear that any decision of this Court on the issue would amount to a speculative and impermissible advisory opinion based on events which have not occurred and may not ever occur. See Nat'l Adver. Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005) ("Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes."). The principle of ripeness means that this Court will not involve itself unnecessarily in the affairs of an agency, and will not adjudicate hypothetical conflicts that may never actually arise. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Texas v. U.S., 523 U.S. 296, 300, 118 S. Ct. 1257, 1259, 140 L. Ed. 2d 406 (1998) (internal quotations omitted). Sears' complaint has been brought at a point too early, such that there is no concrete dispute to be resolved between the parties. Prudential considerations likewise do not counsel in favor of adjudication. Delayed review of Sears' claim will not cause him any direct and immediate impact. He is in a position identical to every other inmate applying to participate in the RDAP in that a final decision as to his eligibility for early release will be determined *if and when* he completes the program. Upon consideration of both the constitutional and prudential concerns underlying the ripeness doctrine, the Court concludes that Sears' claim is

premature. Accordingly, Sears' 28 U.S.C. § 2241 petition should be dismissed without prejudice.

So **REPORTED** and **RECOMMENDED**, this １ˢᵗ day of October, 2007.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE